# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

MESHAWN L. WEST,

        Plaintiff,

v.

MGM RESORTS INTERNATIONAL, *et al.*,

        Defendants.

2:12-cv-01446-GMN-VCF

**ORDER AND
REPORT & RECOMMENDATION**

(Application to Proceed *In Forma Pauperis* #1 and Complaint #1-1)

Before the court are plaintiff Meshawn L. West's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).

**I.**    *In Forma Pauperis* **Application**

In plaintiff's application to proceed *in forma pauperis*, she asserts that she has no take home wages, but that she receives $15 as payment for "house duties." (#1). Plaintiff states that she has no housing or utility expenses because she is homeless, and that she received a $750.00 fine from the City of North Las Vegas. *Id.* Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**II.**    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### A. Plaintiff's Complaint

#### 1. Plaintiff's Claims

Plaintiff's complaint arises out of two incidents where she was asked to leave Circus Circus Hotel and Casino. (#1-1). Plaintiff alleges that the security staff at the hotel violated her civil rights and discriminated against her based on the fact that she is homeless. *Id.* Plaintiff asserts that after she purchased food at the hotel and decided to watch a television program, she was approached by a security guard who asked her to leave. *Id.* Plaintiff states that she asked the security guard to call his supervisor, and that Mr. Christopher Wheat, the security supervisor, came to the scene. *Id.* Mr. Wheat allegedly also asked plaintiff to leave the property. *Id.* Plaintiff names MGM Resorts International, The Circus Circus Hotel and Casino, Mr. Christopher Wheat, and the security staff as defendants. *Id.*

#### 2. Federal Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277

2

F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Plaintiff alleges civil rights violations under 42 U.S.C. § 1983. (#1-1). A claim under this statute invokes the Court's federal jurisdiction.

Plaintiff asserts violations of her civil rights, namely the 8th and 14th Amendments. (#1-1). To state a claim under 42 U.S.C. § 1983, a plaintiff must plead that the named defendants (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); see also *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. See *Monroe v. Pape*, 365 U.S. 167 (1961), partially overruled on other grounds by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978).

Plaintiff has not asserted that the defendants were acting "under color of state law," and she could not do so, as the named defendants do not in any way represent the state, city, or county government. *See Monroe*, 365 U.S. at 167. As plaintiff has not satisfied the first prong to assert a claim under § 1983, plaintiff's complaint should be dismissed *without prejudice*. *See Gibson*, 781 F.2d at 1338; *Cato*, 70 F.3d at 1106.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Meshawn L. West's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma*

*pauperis* status shall not extend to the issuance of subpoenas at government expense.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the Clerk of Court be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that the complaint (#1-1) be dismissed *without prejudice*.

IT IS FURTHER RECOMMENDED that plaintiff, if she chooses to do so, be permitted to file an amended complaint within thirty-three (33) days from the date the clerk mails the plaintiff the court's order dismissing the complaint, or the case may be dismissed *with prejudice*. Plaintiff is advised that under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 21st day of August, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**