UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MESHAWN L. WEST,           )<br>                                               )<br>               Plaintiff,              )<br>      vs.                                    )<br>                                               )<br>MGM RESORTS INTERNATIONAL, *et al.*,  )<br>                                               )<br>               Defendants.          )<br>                                               ) | Case No.: 2:12-cv-01446-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation (ECF No. 2) by Magistrate Judge Ferenbach recommending that the Complaint filed by Plaintiff Meshawn West ("Plaintiff") be dismissed without prejudice. In response to that Order, Plaintiff filed a Motion for a Hearing (ECF No. 5), a Motion Requesting an Extension of Time to File an Objection (ECF No. 6), and an Objection to Magistrate Judge Ferenbach's Report and Recommendation (ECF No. 7). Subsequently, Plaintiff filed a second Motion to Extend Time to File Objections (ECF No. 15). Also pending before the Court is Plaintiff's Motion to Expedite Reply to her Motion for an Extension of Time. (ECF No. 9.)

**I.    BACKGROUND**

This case arises from two incidents during which Plaintiff was asked to leave the Circus Circus Hotel and Casino ("Circus Circus") (Compl. 1-2, ECF No. 1-1.) Specifically, in her Complaint, Plaintiff states that she entered Circus Circus, "made a food purchase," consumed the food, and then went to the sports bar "to watch a television program and relax quietly." (*Id.* at 2.) While watching the television program, a Circus Circus security guard approached Plaintiff and asked her to leave the property. (*Id.*) After an exchange between Plaintiff and the security guard, Plaintiff requested to speak with the security guard's supervisor, Mr. Wheat. (*Id.*

at 2-3.) Plaintiff's Complaint further states that, once Mr. Wheat arrived, he also requested that Plaintiff leave Circus Circus. (*Id.* at 3.)

In response to this incident, Plaintiff filed the instant action alleging that the acts of the security guards violated her civil rights as secured to her by the Eighth and Fourteenth Amendments to the United States Constitution. (*Id.* at 3.) In her Complaint, Plaintiff specifically alleges that "she was a victim of discrimination based on the perception of being homeless." (*Id.* at 1.) Accordingly, Judge Ferenbach correctly construed Plaintiff's Complaint as alleging a violation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983. (Report and Recommendation 3:6-7, ECF No. 2.) In addition to her Complaint, Plaintiff also filed a Motion for Leave to Proceed in forma pauperis. (ECF No. 1.)

Pursuant to 28 U.S.C. § 1915(a), Judge Ferenbach granted Plaintiff's Motion for Leave to Proceed in forma pauperis. (Report and Recommendation 1:16-20, ECF No. 2.) Thus, Plaintiff is permitted to proceed with her case without the payment of the filing fee. (*Id.*)

Additionally, Judge Ferenbach screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).[1] (Report and Recommendation, ECF No. 2.) As a result of the screening, Judge Ferenbach issued a Report and Recommendation in which he recommended that Plaintiff's Complaint be dismissed without prejudice for failure to state a claim. (*Id.* at 3:16-20.) Specifically, the Report and Recommendation concluded that Plaintiff had not and could not establish that the Defendants in this case acted "under color of state law," as required for any claim brought under 42 U.S.C. § 1983. (*Id.* at 3:8-20.) For this reason, Judge Ferenbach recommended that Plaintiff's Complaint be dismissed without prejudice for failure to state a claim. (*Id.* at 4:5.) Judge Ferenbach further recommended that Plaintiff be permitted to file an amended complaint. (*Id.* at 4:6-8.) Finally, the Report and Recommendation advises Plaintiff

---

[1] Section 1915(e)(2) requires that the Court dismiss the case if the action "is frivolous or malicious" or "fails to state a claim on which relief may be granted."

that her amended complaint "must be complete in itself without reference to prior filings." (*Id.* at 4:8-11.)

Judge Ferenbach filed his Report and Recommendation on August 21, 2012. Pursuant to Local Rule IB 3-2, Plaintiff had fourteen (14) days thereafter to file an objection. However, Plaintiff failed to file a written objection until September 13, 2012 when she filed a Motion for a Hearing (ECF No. 5), a Motion for Extension of Time to File Objections (ECF No. 6), and an Objection to Judge Ferenbach's Report and Recommendation (ECF No. 7). Subsequently, Plaintiff also filed a Motion styled as a Motion to Expedite Reply to Motion for Request to Extend Time (ECF No. 9) and a Motion styled as a Motion to Extend Time to File Amended Complaint and Objections to Report and Recommendation (ECF No. 15).

## II.     PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME TO FILE OBJECTIONS

Plaintiff recognizes that she failed to file an Objection within the time provided by Local Rule IB 3-2; however, she asserts that this failure was caused by the Court's mailing the Report and Recommendation to an incorrect mailing address. (Mot. for Extension of Time, ECF No. 6.) Therefore, the Court finds good cause to GRANT Plaintiff's Motion for an Extension of Time to File an Objection and will consider the Objection that Plaintiff filed concurrently with her Motion to Extend Time.

Having granted Plaintiff's first request for an Extension of Time, the Court finds that Plaintiff's Second Motion for an Extension of Time (ECF No. 15) is MOOT and therefore Plaintiff's Second Motion for an Extension of Time is DENIED.

## III.    PLAINTIFF'S OBJECTIONS

### A.     Legal Standard

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. LCR IB 3-2. Upon the filing of such objections, the district court must make a de novo

determination of those portions of the Report to which objections are made. *Id.* The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); D. Nev. IB 3-2(b). However, the district court need not conduct a hearing to satisfy the statutory requirement that the district court make a "*de novo* determination." *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (observing that there is "nothing in the legislative history of the statute to support the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required 'determination'"). Rather, a hearing is required only when the district court "reject[s] a magistrate judge's credibility findings made after a hearing on a motion to suppress." *United States v. Ridgway*, 300 F.3d 1153, 1154 (9th Cir. 2002).

**B.     Discussion**

In Plaintiff's Objection, Plaintiff argues that the requirement that defendants act "under color of state law" to maintain a claim under § 1983 should not apply to her case. To support this statement, Plaintiff correctly notes that many civil suits, for example suits alleging employment discrimination, are routinely commenced by individuals against other individuals or entities that also do not satisfy the requirement that the defendant act under color of state law. (Objection, ECF No. 7.) Although Plaintiff is correct that employment discrimination actions are frequently heard by this Court, those cases are not usually pursued as § 1983 claims. Rather, employment discrimination cases and the like arise under federal statutes such as Title VII, 42 U.S.C. § 2000e-2(a), which prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin."

Plaintiff also argues that her position is further supported by "the ruling brought by the 9th Circuit Court of Appeals regarding the criminalizing of the homeless being in violation of the 8th and 14th Amendment." (Objection, ECF No. 7.) It appears to the Court that Plaintiff is referring to *Jones v. City of Los Angeles*; however, that case simply prevented law enforcement

officials from arresting homeless individuals merely because those homeless individuals were sitting, lying, or sleeping on public streets and sidewalks. 444 F.3d 1118, 1127, 1138 (9th Cir. 2006). The facts of Plaintiff's case are much different because Plaintiff has not asserted that she was arrested. Therefore, *Jones* does not apply to Plaintiff's case.

Nevertheless, even if *Jones* involved the same conduct of which Plaintiff accuses defendants, the 2006 Opinion in *Jones*, was vacated in 2007 because the parties in that case reached a settlement. *See Jones v. City of Los Angeles*, 505 F.3d 1006 (9th Cir. 2007). Because that opinion was vacated, it no longer carries the force of law and, thus, cannot provide binding authority for this Court to grant the relief requested by Plaintiff in her Complaint.

Having read the Report and Recommendation and Plaintiff's Objection and for the reasons discussed above, the Court finds no reason to disagree with the Report and Recommendation. Thus, the Court concludes that Plaintiff's Complaint (ECF No. 1-1) is dismissed without prejudice. If Plaintiff can cure the defects discussed in this Order and in the Report and Recommendation (ECF No. 2), the Court permits Plaintiff to file an amended complaint **by June 12, 2013**. If Plaintiff fails to amend her complaint **by June 12, 2013**, this case will be **DISMISSED with prejudice**. Plaintiff is further advised that under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that do not appear in the amended complaint will no longer be before the Court.

IV.  **MOTION FOR HEARING**

Having reviewed the docket in this case, and pursuant to this Order, the Court determines that a hearing is not necessary at this time. Accordingly, Plaintiff's Motion to Request a Hearing (ECF No. 5) is hereby **DENIED**.

/ / /

/ / /

## V. MOTION FOR REPLY TO REQUEST FOR TIME EXTENSION FOR OBJECTIONS

On October 10, 2012, Plaintiff filed a motion styled as a Motion for Reply to Request for Time Extension for Objections. (ECF No. 9.) In that motion, Plaintiff states that she is requesting "to receive a reply for [her] request filed for a time extension for objections filed to recommendations by the court because of [her] address change that was submitted." (*Id.*) Because this Order grants the Motion for an Extension of Time to which Plaintiff refers in this motion, the Court finds that this motion (ECF No. 9) is **MOOT** and, as such, the Court **DENIES** Plaintiff's Motion for Reply to Request for Time Extension for Objections (ECF No. 9).

## VI. CONCLUSION

**IT IS HEREBY ORDERED** that the first Motion to Extend Time to File Objections to the Report and Recommendation (ECF No. 6) filed by Plaintiff Meshawn L. West is **GRANTED**. Having granted this Motion, the Court finds that Plaintiff's second Motion to Extend Time to File Objections (ECF No. 15) is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Magistrate Judge Ferenbach's Report and Recommendation (ECF No. 2) be **ACCEPTED**, in full, to the extent that it is not inconsistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice.** If Plaintiff can cure the defects in her Complaint detailed in this Order and in Judge Ferenbach's Report and Recommendation (ECF No. 2), then Plaintiff shall file an amended complaint **by June 12, 2013**. Failure to file an amended complaint within this deadline shall result in the **DISMISSAL** of this action **with prejudice**.

**IT IS FURTHER ORDERED** that, having reviewed the docket in this case, and pursuant to this Order, the Court determines that a hearing is not necessary at this time. Accordingly, Plaintiff's Motion to Request a Hearing (ECF No. 5) is **DENIED**.

1   **IT IS FURTHER ORDERED** that, in light of this Order, Plaintiff's Motion for Reply to
2   Request for Time Extension for Objections (ECF No. 9) is **DENIED as MOOT**.
3   **DATED** this 9th day of May, 2013.

_____
Gloria M. Navarro
United States District Judge